**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0338-20

ERIKA BULANOV,

    Plaintiff-Respondent,

v.

ANATOLY BULANOV,

    Defendant-Appellant.

_____

       Submitted November 8, 2021 – Decided November 30, 2021

       Before Judges Sabatino and Rothstadt.

       On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FM-14-0869-19.

       Anatoly Bulanov, appellant, pro se.

       Respondent has not filed a brief.

PER CURIAM

    In this unopposed pro se appeal, defendant Anatoly Bulanov, the father of

three children, contests the Family Part's June 15, 2020 order calculating child

support at $376 per week. The court's decision was based on: (1) a finding that the father was voluntary unemployed, and (2) an imputation to him of annual earnings of $109,240 as a computer software developer, a figure derived from the Bureau of Labor Statistics.

For the reasons that follow, we affirm the trial court's finding of the father's voluntary unemployment and its corresponding election to impute earnings to him. However, we vacate the imputed figure adopted by the court because there is no evidence of a history of the father earning that level of income on a sustained basis. We remand for further development of the record and reconsideration of the imputed amount.

The record before us is sparse. The parties divorced in 2019. At the time of the divorce, their three children were all minors. They resided with their mother, plaintiff Erika Bulanov, in the same apartment complex as the father. Although they had parenting time with the father on an informal schedule, the children did not stay overnight with him. The father apparently paid for some of the children's needs, but there was no provision in the divorce judgment specifying child support.

In February 2020, the mother file a motion with the Family Part to establish a child support amount. The parties each submitted financial information to the court. The mother stated she earned an annual income of

$35,726 in the preceding year. The father, meanwhile, submitted an updated Case Information Statement but, according to the motion judge, it omitted any information about the father's earnings.[1]

The court conducted a remote hearing on June 12, 2020, at which both parties appeared without counsel and testified under oath. The mother requested and was provided with the services of a Spanish interpreter. The transcriber of the hearing noted the quality of the sound recording was "very poor," and the transcript contains multiple "indiscernible" passages.

During the hearing, the father acknowledged the mother's W-2 form shows she earned approximately $35,000 the previous year. As for himself, the father testified he has been unemployed since 2016, when he worked "on and off" for about five or six months. He could not recall how much he earned that year. The father asserted he pays for some of the children's expenses, and that he pays his daughter $100 when and if she beats him at chess, but he did not show how he could afford those payments.

The father testified that he has been unable to obtain employment in his field as a computer programmer. According to the father, his computer skills are substantially obsolete. He contended that jobs in his field have been scarce

---

[1] The father has not supplied in his appendix the parties' Case Information Statements that had been presented to the trial court.

during the pandemic and have been taken by cheaper workers abroad. The father acknowledged he did earn about $10,000 to $12,000 in one month on a project for American Express an unspecified number of years ago, but thereafter did not find a comparable opportunity. The father stated he was "going to make an effort to find . . . employment," and that "relatives and friends" told him they were "going to" help him find a job in Russia. However, the father did not present documentation of any job search.

Based on the parties' testimony and the limited evidence presented, the motion judge calculated child support, utilizing the Guidelines prescribed by Rule 5:6A. In the associated child support worksheet, the judge adopted the mother's annual income of $35,726. As for the father, the judge found he was voluntarily unemployed, and had no just cause for not earning income to support his children. The judge imputed annual income to the father of $109,240, based on data from the Bureau of Labor Statistics ("BLS") reflecting that computer software developers earn an annual mean wage at that amount. The judge did not address defendant's contention that an increasing number of IT and computer engineering jobs are migrating from the United States to foreign markets.

The judge incorporated those respective income figures into the worksheet, with no overnights for the father, and determined the father should pay $376 weekly in child support. The judge entered an order directing that

A-0338-20

amount, retroactively effective as of February 12, 2020, the date of the mother's motion filing. The father moved for reconsideration, which the court denied.

On appeal, the father contends the imputed income figure is excessive and unfair, stressing that he was unemployed due to Covid-19 pandemic and that his computer skills related to an outdated program. The father advises he recently obtained a job as a truck driver, paying him $21 per hour.

The mother has not filed an opposing brief.

Our scope of review in this Family Part matter is limited. We will not disturb the trial court's findings unless they are demonstrated to lack support in the record with substantial, credible evidence. Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 483-84 (1974). We must give due regard to the trial judge's credibility determinations and "feel for the case" based upon the opportunity of the judge to see and hear the witnesses. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998); see also Pascale v. Pascale, 113 N.J. 20, 33 (1988). Given the Family Part's special expertise, appellate courts must accord particular deference to fact-finding in family cases, and to the conclusions that logically flow from those findings. Cesare, 154 N.J. at 412-13.

Except for high-income households not involved here, the New Jersey Child Support Guidelines ("the Guidelines") are generally used in cases where child support is being established. R. 5:6A. There is a rebuttable presumption

A-0338-20

that a child support award calculated in accordance with the Guidelines is correct "unless a party proves to the court that circumstances exist that make a guidelines-based award inappropriate in a specific case."  Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A to R. 5:6A, ¶ 2 (2021).  The Guidelines aim to ensure fairness in child support awards.  Caplan v. Caplan, 182 N.J. 250, 264-65 (2005).

The pivotal issue here is the imputation of income to the father.  The Family Part may impute income where a parent has voluntarily become underemployed or unemployed.  Id. at 268.  In deciding whether to impute income on grounds of voluntary unemployment, the primary inquiry is whether the unemployed party has "just cause" to remain unemployed.  Ibid.  To do so, the court must consider four factors: "(1) what the employment status and earning capacity of that parent would have been if the family remained intact …, (2) the reason and intent for the voluntary underemployment or unemployment, (3) the availability of other assets that may be used to pay support, and (4) the ages of any children in the parent's household[.]"  Pressler & Verniero, Appendix IX-A at ¶ 12.  "Additionally, factors such as previously announced plans to retire at an early age, health of the parties, whether one party would remain out of the workforce to care for the children, and other similar considerations that the intact family had or would have contemplated, should be

6

considered by the trial court in making the 'just cause' determination." Caplan, 182 N.J. at 268.

Based on the testimony and evidence presented at the motion hearing, we affirm the judge's finding that the father is voluntarily unemployed. The father presented no evidence to substantiate his contention that he has been unable to find gainful employment of any kind to support his children for over four years. He identifies no positions he applied for, no prospective employers he contacted, or any efforts to obtain work through a job search agency.

We therefore affirm the motion judge's sound decision to impute income to the father. We are not, however, persuaded on this record that it was fair or appropriate to impute to the father the substantial BLS mean income for computer software programmers.

There is no evidence that the father had a track record of past annual earnings at that six-figure level. His earnings of $10,000 to $12,000 for a one-month project years ago should not be extrapolated, without more evidence, to impute over $100,000 in annual income to him.

When imputing income, a trial court must decide whether the circumstances warrant imputation, and if so, must then determine the amount to impute. Ibrahim v. Aziz, 402 N.J. Super. 205, 210 (App. Div. 2008). The amount "must be 'based on a realistic assessment of [a parent's] capacity to

7

earn'" because "the underpinnings for a support award is the obligator's ability to pay."  Id. at 213 (quoting Dorfman v. Dorfman, 315 N.J. Super. 511, 516 (App. Div. 1988)) (emphasis added).

Although we appreciate the difficulties the motion judge faced in presiding over a remote hearing with an interpreter and two self-represented parties, the imputation of over $100,000 in annual income to the father lacks a sufficient evidential basis to be a "realistic assessment" of his earnings capacity.

Consequently, we remand for reconsideration of the child support amount, based on a fuller record to be developed.  In the interim, the $376 weekly figure shall remain unaltered until such time as the trial court examines the matter anew.

Affirmed in part, and remanded in part.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0338-20